**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50015 |
| Plaintiff-Appellant, | D.C. No. 3:15-cr-01349-BAS-1 |
| v. | |
| CLINTON MACK REID, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted June 9, 2017
Pasadena, California

Before:  LIPEZ,** BEA, and HURWITZ, Circuit Judges.

Clinton Reid was charged with being a felon in possession of a firearm in
violation of 18 U.S.C. § 922(g)(1) after a search of his vehicle by San Diego police
officers revealed a loaded handgun.  The district court granted Reid's motion to
suppress the handgun, and the government appealed that order.  We have jurisdiction

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Kermit V. Lipez, United States Circuit Judge for the
First Circuit, sitting by designation.

over that interlocutory appeal under 18 U.S.C. § 3731. We reverse and remand.

1. Officers were dispatched to a park after receiving two separate reports of fighting and drug use. Members of a violent street gang had congregated in the park to celebrate a gang holiday, and criminal activity had occurred in the park on previous holidays. When uniformed officers entered the park, Reid, wearing gang colors, "quickly" walked away and "seemed to be the most nervous of everybody." Reid went to a nearby parked car, sat in the backseat for five to seven seconds, and appeared to place something in the car before walking away. Officers stopped Reid on his way back to the park. An officer testified at the hearing on the motion to suppress that based on his background, training, and experience, Reid was likely "dumping" illegal contraband in the car. Officers had found illegal narcotics and firearms on attendees of this event in the past. Given the totality of the circumstances, there was "particularized and objective basis for suspecting" that Reid had put contraband in his car. *United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc) (citation omitted). The stop was therefore supported by reasonable suspicion, which, as we have observed, "is not a particularly high threshold to reach." *Id.*; *see Terry v. Ohio*, 392 U.S. 1, 30-31 (1968).

2. Officers learned that Reid was a convicted felon during the *Terry* stop. From outside the car where Reid had been sitting, officers observed a bulge in the shape of a handgun in a pouch behind the driver's seat. With limited exceptions, a

convicted felon may not possess a firearm. *See* 18 U.S.C. § 922(g)(1); Cal. Penal Code § 29800. These "facts and circumstances within [the officers'] knowledge" were "sufficient to warrant a reasonable belief that" Reid was a prohibited possessor of a handgun, and the officers therefore had probable cause to search the car. *See United States v. Noster*, 590 F.3d 624, 633 (9th Cir. 2009) (citation omitted).[1]

**REVERSED AND REMANDED.**

---

[1] Reid did not contend below that the search was deficient for failure to obtain a search warrant.